UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CALEB WILLIAM STANLEY MAXHAM, </br></br>  Plaintiff </br></br> v. </br></br> CORRECT CARE SOLUTIONS, *et al.*, </br></br> Defendants | ) ) ) ) ) ) 1:16-cv-00030-JAW ) ) ) ) ) |

**ORDER ON PLAINTIFF'S MOTION
TO APPOINT COUNSEL (ECF NO. 8)**

This matter is before the Court on Plaintiff's request that the Court appoint counsel to represent him. Plaintiff, an inmate at the Maine State Prison, maintains that the appointment is appropriate because he has been placed in segregation due to his mental disabilities. (ECF No. 8.)

"There is no absolute constitutional right to a free lawyer in a civil case." *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). The *in forma pauperis* statute provides that the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The appointment of counsel under the statute is discretionary, but generally is limited to "exceptional circumstances." *DesRosiers*, 949 F.2d at 23. "[A] court must examine the total situation, focusing, *inter alia,* on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." *Id.* at 24. For example, the presence of "readily mastered facts and straightforward law" would suggest that a request for counsel "should be denied in a civil case." *Id.* Denial of an indigent plaintiff's request for counsel is error only if the denial "was likely to result in fundamental unfairness impinging on his due process rights." *Id.* at 23.

Following a review of Plaintiff's complaint, the Court concludes that the law and facts relevant to Plaintiff's case are sufficiently straightforward such that Plaintiff should be able to

1

represent himself.  In other words, Plaintiff has not demonstrated the "exceptional circumstances" necessary to warrant the appointment of counsel.  The Court, therefore, denies Plaintiff's motion.

CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 23rd day of February, 2016.