UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CALEB WILLIAM STANLEY MAXHAM, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>CORRECT CARE SOLUTIONS, *et al.*, )<br>)<br>Defendants ) | 1:16-cv-00030-JAW |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

In this action, Plaintiff Caleb Maxham, an inmate in the custody of the Maine Department of Corrections, alleges corrections officers severely beat him and that employees of Correct Care Solutions, a provider of prison medical services, and the Southern Maine Medical Center, provided inadequate care for his injuries.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 3), which application the Court granted. (ECF No. 5.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

As explained below, following a review of the pleadings, I recommend that the Court dismiss without prejudice Plaintiff's claims against Southern Maine Medical Center and Correct Care Solutions.[1]

---

[1] If the Court accepts the recommendation, Plaintiff's claim of excessive force against Defendant Landry would proceed to service.

## BACKGROUND FACTS[2]

Plaintiff's form complaint identifies three defendants: Correct Care Solutions, Sergeant Landry, and Southern Maine Medical Center. (ECF No. 1.) The circumstances underlying Plaintiff's claims are related in Plaintiff's attached affidavit. (ECF No. 1-1.)

According to Plaintiff, on August 11, 2015, during or following a verbal altercation between Plaintiff and a corrections officer, Defendant Landry "snuck up" on Plaintiff, sprayed him with a chemical agent, and, when Plaintiff "out of pure instinct … began to swing," Defendant Landry ordered the officers with whom Plaintiff was struggling to strike Plaintiff's head on the railing.

After the incident and after a half hour to an hour in a restraint chair, Plaintiff received some medical attention and then was moved to the special management unit, where he received a shower and fresh clothes. Plaintiff's head wound, however, continued to bleed profusely after two or three hours and Plaintiff later vomited. Plaintiff asserts that he was then taken to Southern Maine Medical Center, where he waited approximately four hours before a provider closed his head wound with staples. Plaintiff did not have a "head scan," nor was he seen by a doctor at Southern Maine Medical Center.

Plaintiff alleges that as the result of the injury to his head, he has experienced black spots in his vision, chronic head pain, sickness, and loss of memory. (Plaintiff's Affidavit at 1 – 3.) Plaintiff requests an order that revokes the licenses of the corrections officers and medical providers, and he seeks monetary relief for "medical malpractice and poor performance." (*Id.* at 4.)

---

[2] The facts set forth herein are derived from Plaintiff's complaint and his affidavit attached to the complaint. The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate. The alleged facts are recited in the context of the standard of review.

## DISCUSSION

### A. Standard of Review

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Similarly, a lawsuit by a prisoner against a governmental entity and its officers is subject to dismissal, sua sponte, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14). Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d

888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

**B.    Plaintiff's Federal Claim Regarding his Medical Care.**

Pursuant to the federal civil rights statute:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....

42 U.S.C. § 1983.  While § 1983 provides a basis for federal question jurisdiction, § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  Although Plaintiff does not specifically assert a constitutional claim based on his medical care, given that Plaintiff has joined two medical defendants in a federal court action, one can reasonably conclude that Plaintiff intended to assert a federal claim based on the quality of his medical care.

"In *Estelle v. Gamble,* 429 U.S. 97 (1976), the Supreme Court established that an Eighth Amendment claim of 'cruel and unusual punishment' based on medical mistreatment requires more than 'an inadvertent failure to provide adequate medical care' and must involve 'acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'"  *Feeney v. Corr. Med. Servs.*, 464 F.3d 158, 161 (1st Cir. 2006).  To succeed on a claim of deliberate indifference associated with inadequate or delayed medical care, a plaintiff must satisfy both an objective and a subjective standard.  *Leavitt v. Corr. Med. Servs.*, 645 F.3d 484, 497 (1st Cir. 2011).

The objective standard evaluates the seriousness of the risk of harm to health. There must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health.'" *Farmer v. Brennan*, 511 U.S. 825, 843 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). A medical need is "serious" if it has been diagnosed by a physician as mandating treatment, or is so obvious that even a lay person would recognize a need for medical intervention. *Leavitt*, 645 F.3d at 497; *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991)). The subjective standard concerns the culpability of the defendant. A plaintiff must present evidence that the defendant possessed a culpable state of mind amounting to "deliberate indifference to an inmate's health or safety." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). Deliberate indifference is akin to criminal recklessness, "requiring actual knowledge of impending harm, easily preventable." *Feeney v. Corr. Med. Servs.*, 464 F.3d at 162 (quoting *Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993)). The focus of the deliberate indifference analysis "is on what the jailers knew and what they did in response." *Burrell v. Hampshire Cnty.*, 307 F.3d 1, 8 (1st Cir. 2002).

Deliberate indifference must be distinguished from negligence. As the First Circuit explained:

> A finding of deliberate indifference requires more than a showing of negligence. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Sires v. Berman*, 834 F.2d 9, 13 (1st Cir. 1987). A plaintiff claiming an eighth amendment violation with respect to an inmate's serious mental health or safety needs must allege "acts or omissions sufficiently harmful to evidence deliberate indifference." *Estelle*, 429 U.S. at 106; *see also Cortes-Quinone v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir.), *cert. denied*, 488 U.S. 823 (1988). Although this court has hesitated to find deliberate indifference to a serious need "[w]here the dispute concerns not the absence of help, but the choice of a certain course of treatment," *Sires*, 834 F.2d at 13, deliberate indifference may be found where the attention received is "so clearly inadequate as to amount to a refusal to provide essential care."

*Torraco v. Maloney*, 923 F.2d 231, 234 (1st Cir. 1991).

A review of Plaintiff's allegations reveals that Plaintiff is dissatisfied with the medical attention that he received from Correct Care Solutions following his August 11, 2015, head injury. Plaintiff, however, alleges that after spending time in the medical unit, evidently because of his nausea and prolonged bleeding, Correct Care Solutions sent him to Southern Maine Medical Center for treatment. Significantly, Plaintiff alleges no facts from which one could reasonably determine that Correct Care Solutions engaged in deliberate indifferent conduct. The principal focus of Plaintiff's medical claim is the quality of the treatment he received at the Southern Maine Medical Center. In short, Plaintiff has failed to allege a federal claim against Correct Care Solutions. In addition, because Southern Maine Medical Center is a private entity to which Plaintiff was transferred, the Medical Center was not acting under the color of state law. Plaintiff thus does not have a § 1983 claim against Southern Maine Medical Center.

**C.  Plaintiff's State Law Medical Malpractice Claim.**

Under Maine law, Plaintiff cannot proceed on his state law medical malpractice claim against either Southern Maine Medical Center or Correct Care Solutions unless Plaintiff completes the prelitigation screening process mandated by the Maine Health Security Act. 24 M.R.S. §§ 2853 *et seq*. *See Henderson v. Laser Spine Inst.*, 815 F. Supp. 2d 353, 381 (D. Me. 2011). Plaintiff has alleged no facts to suggest that he has satisfied the required prerequisites to a state law medical malpractice action.

### CONCLUSION

Based on the foregoing analysis, after a review pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), I recommend that the Court dismiss without prejudice and without service, Plaintiff's claims against Defendants Correct Care Solutions and the Southern Maine Medical

Center.  I further recommend that the Court authorize service of Plaintiff's complaint upon Defendant Landry.[3]

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 23rd day of February, 2016.

---

[3] Insofar as Plaintiff alleges that Defendant Landry "snuck up" on him, sprayed him with a chemical agent, and instructed certain corrections officers to strike his head against a railing, Plaintiff has alleged facts sufficient to state an excessive force claim, whether the Court applies the objective reasonableness standard or the deliberate indifference standard.  *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2476 (2015); *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).