UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| CALEB MAXHAM, | ) |
|     Plaintiff | ) )  ) |
|     v. | )     1:16-cv-00030-JAW |
| CORRECT CARE SOLUTIONS, et als. | ) ) ) |
|     Defendants | ) |

**MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, defendant Daniel Landry hereby moves for summary judgment. As grounds for this motion, defendant states that there is no issue of material fact and that defendant is entitled to judgment as a matter of law. Specifically, defendant states that plaintiff failed to exhaust administrative remedies available to him before filing suit, and that his complaint is barred by the exhaustion requirement of the Prison Litigation Reform Act and must be dismissed.

**MEMORANDUM IN SUPPORT OF MOTION**

**Facts and Procedural Background**

Plaintiff Caleb Maxham is a prisoner currently incarcerated at the Maine State Prison (MSP). The events that give rise to his complaint took place while Maxham was a prisoner at the Maine correctional Center (MCC).

According to the Complaint, on August 11, 2015, Maxham got into a verbal confrontation with Corrections Officer Lincoln. At some point, Maxham requested to be taken

1

to segregation, a request that he alleges was denied by defendant Sergeant Daniel Landry. He was at one point locked in his cell, but then was allowed out, at which time he resumed his verbal harangue of Officer Lincoln from the upper tier railing. At that time, according to the Complaint, Landry sneaked up on Maxham, and, without ordering him to lock in or otherwise warning, Landry applied chemical agents. Maxham alleges that he then began to swing "out of pure instinct," and that he was grabbed by officers who struggled to restrain him. He claims that Landry "gave the order to hit my head off of the railing," causing Maxham to sustain a head injury.

Maxham also made claims against MCC's medical providers and the hospital where he was taken for treatment after the incident regarding the quality of the medical care he received.

The Department has in place a grievance policy that allows prisoners to "…request administrative review of any policy, procedure, practice, condition of confinement, action, decision, or event that directly affects [the prisoner]…" If a prisoner in unable to resolve the complaint informally, he may file a formal grievance with the facility's grievance review officer. Additional levels of review – by the chief administrative officer of the facility and ultimately by the Commissioner of the Department of Corrections – are available.

Maxham was transferred from MCC to MSP on August 13, 2015, two days after the alleged incident. The affidavits of the grievance review officers at MCC and MSP establish that Maxham did not file a grievance about this incident at either facility.

After conducting his initial review of the Complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, the magistrate recommended that the complaint be dismissed as to the medical provider and hospital for failure to state a claim, but that the claim of excessive force against defendant Landry be allowed to proceed. The court accepted this recommendation.

It is defendant Landry's position that Maxham's claim is barred by his failure to avail himself of the available administrative remedy of the Department's three-step grievance process, as required by 42 U.S.C. § 1997e, and that his complaint must therefore be dismissed.

### Argument

**Plaintiff failed to exhaust available administrative remedies, and his complaint must be dismissed under the Prison Litigation Reform Act.**

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(1)(a) states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The exhaustion requirement applies to all claims arising from conditions of confinement. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A finding that plaintiff failed to exhaust administrative remedies is dispositive of other claims in the case. *Id.* at 16. The issue of exhaustion should be decided prior to a hearing on the merits of the case, and a motion for summary judgment is an appropriate vehicle with which to do so. *Albino v. Baca*, 747 F. 3d 1162, 1170 (9th Cir. 2014).

In this case, Maxham's claim that Landry employed excessive force to subdue him clearly falls within the grievance policy's purview of any "action, decision or event" that affected the prisoner. Although the record establishes that an administrative process existed for airing this complaint, Maxham failed to employ the Department's grievance process at all.[1] Because he did not comply with the requirement of the PLRA that he exhaust available administrative remedies, his complaint must be dismissed.

---

[1] Under the grievance policy, the appropriate venue for such a grievance would have been MCC, as that is where the alleged use of excessive force occurred. *See*, Policy 29.1, Procedure A(8). However, Maxham failed to pursue a grievance at either facility.

3

**Conclusion**

For the reasons stated above, defendant Landry requests that the court dismiss the Complaint.


March 30, 2016                                       __/s/  James E. Fortin___
                                                     James E. Fortin
                                                     Assistant Attorney General
                                                     James.Fortin@maine.gov

Office of the Attorney General
Six State House Station
Augusta, ME 04333
626-8800


Certificate of Service

The undersigned hereby certifies that he electronically filed the above document with the Clerk of Court using the CM/ECF system, and that he mailed a copy, postage prepaid to the following:

Caleb Maxham
Maine State Prison
807 Cushing Road
Warren, ME 04864


March 30, 2016                                       /s/ James E. Fortin
                                                     James E. Fortin
                                                     Assistant Attorney General