UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| CALEB WILLIAM STANLEY MAXHAM , | ) ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )        1:16-cv-00030-JAW |
| | ) |
| CORRECT CARE SOLUTIONS, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION ON
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

In this action, Plaintiff Caleb Maxham, an inmate in the custody of the Maine Department of Corrections, alleges corrections officers assaulted him at the direction of Defendant Daniel Landry.  The matter is before the Court on Defendant Daniel Landry's motion for summary judgment.[1]  (ECF No. 14.)  Plaintiff has not filed an opposition to the motion.

After a review of the summary judgment record, I recommend the Court grant the motion.

**Facts**

In support of his motion for summary judgment, Defendant filed a statement of material fact in accordance with Local Rule 56.  (ECF No. 15.)  Because Plaintiff has failed to oppose the factual assertions contained in Defendant's statement, and because Defendant has further supported his factual assertions with citations to record evidence, the facts stated by Defendant are deemed admitted for purposes of Defendant's motion.[2]  *See* D. Me. Loc. R. 56(f).

---

[1] Plaintiff originally joined Correct Care Solutions and Southern Maine Medical Center as defendants.  Upon an initial review of Plaintiff's complaint, the Court dismissed without prejudice Plaintiff's claims against them. (ECF No. 11.) Defendant Landry is the sole remaining defendant in this action.

[2] Defendant's statement is supported by the Affidavit of Dennis Shipman, the grievance review officer at the Maine Correctional Center; the Affidavit of Wendell Atkinson, the custodian of prisoner grievances filed at the Maine State Prison; and a copy of the Department of Corrections policy document titled Prisoner Grievance Process, General.

The Maine Department of Corrections has in place a prisoner grievance policy that allows prisoners to "request administrative review of any policy, procedure, practice, condition of confinement, … action, decision, or event that directly affects the prisoner."  (Policy § VI, Procedure A.4.)  This includes complaints alleging the use of excessive force.  (Defendant's Statement of Material Facts ¶ 1.)  If an attempt at an informal resolution of the prisoner's grievance is unsuccessful, the prisoner may file a formal written grievance with the grievance review officer. (*Id.* ¶ 2.)

According to the affidavit Plaintiff filed with his complaint, the assault of which he complains occurred on August 11, 2015.  (Complaint Affidavit, ECF No. 1–1.)  There is no record that Plaintiff ever filed a grievance while incarcerated at Maine Correctional Center.  (*Id.* ¶ 5.)[3] Plaintiff was transferred to the Maine State Prison (MSP) on August 13, 2015.  (*Id.* ¶ 6.)  There is no record that Plaintiff ever filed a grievance while incarcerated at MSP.  (*Id.* ¶ 7.)

## Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). "After the moving party has presented evidence in support of its motion for summary judgment, 'the burden shifts to the nonmoving party, with respect to each issue on which he has the burden of proof, to demonstrate that a trier of fact reasonably could find in his favor.'" *Woodward v. Emulex Corp.*, 714 F.3d 632, 637 (1st Cir. 2013) (quoting *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 158 (1st Cir. 1998)).

---

(See ECF Nos. 15-1, 15-2, and 15-3.)  Defendant's motion is also supported by Plaintiff's assertion in his complaint that he never filed a grievance regarding the claims in his complaint.  (ECF No. 1 at 2 § II: "Was transferred before I could begin process.")

[3] Defendant's Statement of Material Facts does not contain a paragraph 3 or a paragraph 4.

A court reviews the factual record in the light most favorable to the non-moving party, resolving evidentiary conflicts and drawing reasonable inferences in the non-movant's favor. *Perry v. Roy,* 782 F.3d 73, 77 (1st Cir. 2015).  If the court's review of the record reveals evidence sufficient to support findings in favor of the non-moving party on one or more of his claims, a trial-worthy controversy exists and summary judgment must be denied to the extent there are supported claims.  *Id.* ("The district court's role is limited to assessing whether there exists evidence such that a reasonable jury could return a verdict for the nonmoving party." (internal quotation marks omitted)).  Unsupported claims are properly dismissed.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986) ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses.").

## Discussion

Federal law requires a prisoner to exhaust the available administrative remedies before initiating a lawsuit pursuant to 42 U.S.C. § 1983.  Specifically, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA [Prison Litigation Reform Act] and that unexhausted claims cannot be brought in court.").

The Supreme Court has held that § 1997e(a) requires "proper exhaustion" of a prisoner's administrative remedies.  *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  *Id.* at 90 – 91.  "Compliance with prison grievance procedures … is all that is

required … to 'properly exhaust.'" *Jones*, 549 U.S. at 218. "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

A defendant may raise the § 1997e exhaustion requirement as an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *see also Ramos v. Patnaude*, 640 F.3d 485, 488 (1st Cir. 2011) ("The Supreme Court made it plain … that exhaustion under § 1997e(a) is not a jurisdictional condition, and has held it to be an affirmative defense." (citing *Jones,* 549 U.S. at 212)). Because failure to exhaust administrative remedies is an affirmative defense rather than a jurisdictional issue, initially, Defendant bears the burden of proof. *Jones*, 549 U.S. at 216. To satisfy that burden, Defendant must establish "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino v. Baca,* 747 F.3d 1162, 1172 (9th Cir.) (en banc), *cert. denied sub nom. Scott v. Albino,* 135 S. Ct. 403 (2014).[4] Thereafter, Plaintiff must present evidence that demonstrates "that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.*

Defendant has established that an administrative remedy (i.e., a formal grievance process) was available to Plaintiff regarding his complaint of excessive force, but that Plaintiff never filed a grievance about the alleged incident. Defendant thus has satisfied his initial burden; Plaintiff, therefore, must demonstrate that the administrative remedy was in fact unavailable to him.

Although Plaintiff asserted in his complaint that he was transferred before he could begin the grievance process, he has not produced any evidence that would support a finding that the

---

[4] To be an available remedy, a grievance procedure must actually apply to the type of claim at issue. *Bean v. Barnhart*, No. 1:13-cv-00196-NT, 2015 WL 3935777, at *5 (D. Me. June 26, 2015) (citing *Booth v. Churner*, 532 U.S. 731, 736 n.4 (2001), and *Malik v. D.C.*, 574 F.3d 781, 785 (D.C. Cir. 2009)). *See also Davis v. Fernandez*, 798 F.3d 290, 294 – 95 (5th Cir. 2015) ("Whenever defendants claim a failure to exhaust, they have the burden to prove that the plaintiff did not exhaust administrative remedies that were actually available to him.").

transfer to another facility made the grievance process unavailable to him.  In fact, a review of the grievance policy reveals that the grievance procedure remains available to prisoners despite a transfer to another facility.  (Policy § VI, Procedure A.8: "A prisoner housed at one Departmental facility who has a grievance about a matter that occurred at another Departmental facility shall direct the grievance form to the Grievance Review Officer at the facility where the matter occurred.")

In short, the uncontroverted record evidence establishes that the administrative remedy was available to Plaintiff, and that he has not exhausted the remedy.  Accordingly, Plaintiff's § 1983 claim of excessive force against Defendant Landry is an unexhausted claim barred by 42 U.S.C. § 1997e(a).

### Conclusion

Based on the foregoing analysis, I recommend the Court grant Defendant Landry's Motion for Summary Judgment.  (ECF No. 14.)

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and any request shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of June, 2016.